## BASSETT v. DEN AND AL.

*Certiorari* in matter of Road.

The use the word "declare" in the oath of a Surveyor of Highways, is synonymous to "promise," required by the Statute; and is not cause for reversal.

The not filing of Surveyors' *official* oaths but only a copy, with the County Clerk, is not so material an error, as to vitiate their proceedings.

The official affirmation of one of the Surveyors, was, " I do solemnly and sincerely *declare* and affirm," instead of "*promise* and affirm," as directed by the Statute: *Elm. Dig.* 575. And the official oaths of two of the Surveyors had not been transmitted to the Clerk of the County, within twenty days after their election, as the law requires: *Elm. Dig.* 578, but the Township Clerk had retained the originals, and transmitted copies only, to the County Clerk. For these reasons, *R. P. Thompson* for the plaintiff in *Certiorari*, moved to set aside the return of the Surveyors, and cited *Sheppard* v. *Sheppard*, 5 *Halst.* 250; *Engle* v. *Blair*, 6 *Halst.* 339; *Schenck* v. *Ayres*, 2 *Green's R.* 311; *The New Brunswick Steam Boat Company* v. *Baldwin, Id.* 340; and *The State* v. *Green, Id.* 88.

*W. N. Jeffers* contra, cited *Perry et al.* v. *Thompson et al.* 1 *Harr. R.* 72.

BY THE COURT. Both objections must be overruled. The omission of the township clerk to transmit the official oaths of the surveyors to the county clerk, did not vitiate their election to office; nor their appointment by the court of Common Pleas. It is admitted, that the two surveyors, whose oaths were not sent to the county clerk, had been duly elected, and regularly sworn into office. They were then lawful surveyors of the highways, and qualified to act as such, though the township clerk may have incurred a legal censure for the neglect of his duty. As to the variance between the official affirmation of one of the surveyors, and that prescribed by law, it is quite too unimportant to form the basis of a judicial decision, in a matter of so much interest to the public. The statute, it is true, uses the word " promise ;"

but according to *Walker*, to promise, is to make a "declaration" of some benefit, or an assurance of some ill. To say, then, "I declare that I will," do so and so, means exactly the same thing, and imposes precisely the same obligation as the words, "I *promise* that I will" do so and so. Far, as we have gone in requiring a strict adherence to forms prescribed or directed by statute, we have not in any of the cases cited, nor in any other, now recollected, gone so far, as to vitiate a proceeding, otherwise regular, because a word, precisely of the same meaning, in the connection in which it is used, with that required by, or mentioned in the statute, has been adopted.

The return of the surveyors, must be affirmed, with costs.

*Return affirmed.*